## MATHEWS *v.* MATHEWS.

In the trial of a suit brought by a wife to obtain alimony for herself and support for the minor children of the parties to the suit, it was error for the court to charge that a certain deed executed by the respondent to a third person, which purported to convey a large portion of the realty which it is alleged in the petition was his property, did not have the effect to pass title to the grantee in the deed; it being a question of fact for the jury, under the evidence, to decide

whether it had been executed bona fide in payment of a pre-existing debt which the grantor owed to the grantee.

No. 5139. MAY 13, 1926.

Alimony. Before Judge Custer. Lee superior court. September 28, 1925.

*W. T. Lane,* for plaintiff in error.

*W. W. Dykes* and *Wallis & Fort,* contra.

BECK, P. J.  Mrs. A. D. Mathews brought suit for temporary and permanent alimony against her husband, J. S. Mathews. She alleged that they were living and had for sometime lived in a bona fide state of separation. The alleged cause of the separation is that the husband refuses to provide for the support of petitioner and their two minor children. It is further alleged that the defendant is a man in good physical health, that he owns 500 acres of land, and is worth about $25,000, and is able to fully ·provide for the support and maintenance of his wife and children. The respondent filed an answer denying responsibility for the state of separation between him and his wife, and alleged that petitioner is in better financial condition than defendant himself. He alleges his willingness to support his children, to care for and provide for them; that he has been doing this under adverse circumstances and conditions; that he has often requested and importuned his wife to return to his home, which is always open to her; that he has never abandoned petitioner, but has assured her of his affection towards her, and that he will do all in his power to make her happy if she will return to his home. Evidence to support the allegations in the petition and the answer was submitted. The jury returned a verdict awarding the sum of $75 a month "to the two children, to be paid to the mother until the children reach their majority." No alimony was awarded for the support of the wife. The respondent made a motion for a new trial, which was overruled, and he excepted.

The original motion for a new trial contained the usual general grounds. An amendment to the motion was subsequently allowed. This amendment contains only one ground, in which error is assigned upon a portion of the court's charge. That charge was as follows: "The conveyance by deed, which is in evidence and which will go out with you and which will be before you, is not sufficient to pass the title, it appearing from the evidence that

the parties were living separate and apart in a bona fide state of separation at the time of the conveyance; and that the wife's claim for alimony would be superior to the rights of the grantee in that deed, for any consideration claimed by her,—that the same was made in settlement of a claim for rent in her behalf." We are of the opinion that this charge was error, in view of all the evidence in the case touching the ownership by the respondent of certain land alleged to be his property. In the petition it is alleged that the husband owned a large plantation consisting of several hundred acres of land. The husband denied that he owned all of this land, and claimed that he had conveyed the larger' portion of it (some 300 or 400 acres) to Miss Mattie Mathews, his sister, in payment of a pre-existing debt. This deed was introduced in evidence, and appears to have been executed on the 12th day of September, 1923, but was not recorded until the 26th day of March, 1924, after the separation took place. There was some evidence to support the contention that the deed was made bona fide for the purpose claimed. That being true, the question as to whether it was bona fide or not should have been submitted to the jury. It was not competent for the court to charge the jury as a matter of law that the deed did not convey title, "it appearing from the evidence that the parties were living separate and apart in a bona fide state of separation at the time of the conveyance." Section 2955 of the Civil Code reads as follows: "After a separation, no transfer by the husband of any of the property, except bona fide in payment of pre-existing debts, shall pass the title so as to avoid the vesting thereof according to the final verdict of the jury in the cause." If this deed was made, even after the separation and before the verdict, it did pass the title if made bona fide in payment of a pre-existing debt. Whether this deed was made bona fide or not for the purpose specified in the statute was a question for the jury under the evidence.

Counsel for the defendant in error insist that even if the charge was error, it was not harmful to the plaintiff in error, inasmuch as no amount of alimony was awarded to the wife; that the $75 per month awarded was merely for the children. We can not agree with this contention of counsel; for if the deed was void, title to the same had never passed from the respondent in the case, and he was, if title had not passed, the owner of a much larger

·and more valuable body of land than if the deed had been made bona fide for the purpose of paying a pre-existing debt. The divesting of the title to the land affected materially the question of the respondent's ability to respond to the claim for alimony made upon him; and if he really owned the land which he had apparently conveyed to another, this would no doubt affect the jury in deciding the amount which it was proper to allow for the support of his children. We can not, therefore, agree with counsel, that the charge was harmless.

> Judgment reversed. All the Justices concur.